1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| MARTHA RUIZ, an individual, and YESENIA VERDUZCO, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, a corporation, and Does 1 through 10,<br><br>            Defendants. | Case No. 1:20-cv-00218-AWI-EPG<br><br>Magistrate Judge: Erica P. Grosjean<br><br>**PROTECTIVE ORDER**<br><br>Complaint filed; February 11, 2020<br>Trial date:  May 17, 2022 |

On March 24, 2021, the parties filed a Stipulation for a Protective Order (ECF No. 28).

This is the third stipulation and proposed order the parties filed. On March 12, 2021, and March 22, 2021, the parties filed a first and second proposed protective order, which the Court denied as not complying with Eastern District of California Local Rule 141.1(c). (ECF Nos. 21-22, 26-27.) That rule provides that every proposed protective order contain the following provisions: "(1) [a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child); (2) [a] showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) [a] showing as to why the need for protection should be addressed by a court order, as opposed to

1   a private agreement between or among the parties." (paragraph breaks omitted).

2        The revised stipulation largely complies with Local Rule 141.1(c). However, when

3   describing the types of information eligible for protection, which Local Rule 141.1(c)(1) requires,

4   the revised stipulation includes the language "the type of confidential and proprietary material

5   eligible for protection in this action includes" and the category "(5) other documents and

6   information protected under privacy rights." (ECF No. 28 at 2.) This catchall language does not

7   comply with Local Rule 141.1(c)(1). The Court has revised the protective order to exclude this

8   language but otherwise enters the protective order proposed by the parties.

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Pursuant to the Parties' Stipulation for a Protective Order and representation that discovery in this action is likely to involve the disclosure of confidential business, proprietary, private and/or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B.     <u>GOOD CAUSE STATEMENT</u>

In accordance with Eastern District Local Rule 141.1(c)(1), the types of confidential and proprietary material eligible for protection in this action are: (1) proprietary policies, procedures, manuals, handbooks and/or guidelines, including claim handling manuals, bulletins, training materials, and documents concerning the handling of claims pursuant to the California Fair Claims Settlement Practices Regulations, and other documents governing the investigation, handling and adjustment of claims; (2) confidential Master Service Agreements with third party vendors, including Independent Adjustment agreements and compensation and incentive information; (3) confidential and proprietary financial and business data, including trade secret information; and/or (4) policy underwriting and pricing material.

There is a particularized need for this Stipulated Protective Order.  (Eastern District Local Rule 141.1(c)(2)).  Plaintiffs have already requested through discovery in this action to Defendant and third parties, the types of confidential and proprietary materials noted in the preceding paragraph.  *See Lee v. Kaiser Foundation Health Plan Long Term Disability Plan*, 2010 WL 2803105 at *3 (N.D. Cal. July 14, 2010) (internal insurance claims materials are considered trade secrets); *Umpqua Bank v. First Am. Title Ins. Co.*, No. CIV S-09-3208 WBS EF, 2011 WL

997212, at *8 (E.D. Cal. Mar. 17, 2011) (contemplating production of claims manuals pursuant to protective order); *GBTI, Inc. v. Ins. Co. of State of Pa.*, 2010 WL 2942631, at *4 (E.D. Cal. July 23, 2010) (underwriting and claims manuals to be produced subject to appropriate confidentiality/protective order in recognition by the Court that the insurer "has a legitimate interest in protecting its trade secrets and other confidential proprietary information"); *McCurdy v. Metro. Life Ins. Co.*, 2007 WL 915177, at *4 (E.D. Cal. Mar. 23, 2007) (claims and procedural manuals, guidelines, bulletins, and memoranda to be produced in accordance with the terms of a stipulated protective order.); *Nationwide Mut. Ins. Co. v. Ryan*, 2013 WL 6001931, at *4 (N.D. Cal. Nov. 12, 2013) (ordering production of claims adjusting manual, underwriting manual and investigations manual pursuant to a stipulated protective order.)

In light of the nature of the claims and allegations in this case and discovery already propounded involving the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, including the procedure for challenging Confidentiality designations in conformity with Eastern District Local Rule 251 (Motions Dealing with Discovery Matters), to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  (Eastern District Local Rule 141.1(c)(2)-(3)).

Finally, the Parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>:  The instant action: *Ruiz v. General Insurance Company of America,* United States District Court, Eastern District of California, Case No. 1:20-cv-00218-AWI-EPG.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that a Party or third-party reasonably, in good faith believes contains any confidential research, development, trade secret, or commercial information, or any other personal information of any Party or a Party's customer, provided that the Party or third-party has made efforts to maintain confidentiality that are reasonable under the circumstances, whether the Confidential Information is: a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory, answer, or written response to discovery; information responsive to requests for production or a deposition subpoena for business records; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery.

Confidential Information includes testimony, written or recorded materials, or information in any other form, produced or disclosed by General or a third party in connection with discovery proceedings in this case, in which the following is discussed or in any way referred to: General's claims adjusting manuals, underwriting manuals, procedural manuals, guidelines for investigating and adjusting first-party property claims, bulletins, agreements with vendors, third party customer lists, third party project lists, or any other documents concerning the handling of claims pursuant to the California Fair Claims Settlement Practices Regulations.

All information deemed to be "Confidential Information or Items" may be designated under this Stipulated Protective Order as "CONFIDENTIAL."

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.10    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The Parties agree that the protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

If any Protected Material (1) is, or contains information which is, already in the public domain; or (2) later becomes part of the public domain after its designation as Confidential as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (3) contains information already known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, then the Receiving Party may challenge the designation of confidentiality consistent with the procedures set forth in Paragraph 6 below.

The Parties agree that any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

1  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

2  unnecessarily encumber the case development process or to impose unnecessary expenses and

3  burdens on other parties) may expose the Designating Party to sanctions.

4         If it comes to a Designating Party's attention that information or items that it designated

5  for protection do not qualify for protection, that Designating Party must promptly notify all other

6  Parties that it is withdrawing the inapplicable designation.

7         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,

8  or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

9  be clearly so designated before the material is disclosed or produced.

10        Designation in conformity with this Order requires:

11        (a)    for information in documentary form (e.g., paper or electronic documents, but

12  excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend

13  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains

14  protected material. If only a portion or portions of the material on a page qualifies for protection,

15  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

16  markings in the margins).

17        A Party or Non-Party that makes original documents available for inspection need not

18  designate them for protection until after the inspecting Party has indicated which documents it

19  would like copied and produced. During the inspection and before the designation, all of the

20  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

21  Party has identified the documents it wants copied and produced, the Producing Party must

22  determine which documents, or portions thereof, qualify for protection under this Order. Then,

23  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL

24  legend" to each page that contains Protected Material. If only a portion or portions of the material

25  on a page qualifies for protection, the Producing Party also must clearly identify the protected

26  portion(s) (e.g., by making appropriate markings in the margins).

27        (b)    for testimony given in depositions that the Designating Party identifies on the

28  record, before the close of the deposition as protected testimony. When it is impractical to identify

separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3      <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party' right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel;

(e)      court reporters and their staff;

(f)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness

sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)       any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," either by the Non-Party or a Party. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If a Non-Party represented by counsel fails to commence the process called for by Local Rules 141.1(b)(2) and 251 after receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court after receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

　　　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.      <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

　　　　When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

12.      <u>MISCELLANEOUS</u>

　　　　12.1      <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

　　　　12.2      <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

　　　　12.3      <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge. If a Party's request to file Protected Material under seal is

1    denied by the court, then the Receiving Party may file the information in the public record unless

2    otherwise instructed by the court.

3    13.      <u>FINAL DISPOSITION</u>

4             After the final disposition of this Action, as defined in Section 4, within 60 days of a

5    written request by the Designating Party, each Receiving Party must return all Protected Material

6    to the Producing Party or destroy such material. As used in this subdivision, "all Protected

7    Material" includes all copies, abstracts, compilations, summaries, and any other format

8    reproducing or capturing any of the Protected Material.  Whether the Protected Material is

9    returned or destroyed, the Receiving Party must submit a written certification to the Producing

10   Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

11   (1) identifies (by category, where appropriate) all the Protected Material that was returned or

12   destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

13   compilations, summaries or any other format reproducing or capturing any of the Protected

14   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

15   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

17   consultant and expert work product, even if such materials contain Protected Material. Any such

18   archival copies that contain or constitute Protected Material remain subject to this Protective Order

19   as set forth in Section 4.

20   14.      Any violation of this Order may be punished by any and all appropriate measures

21   including, without limitation, contempt proceedings and/or monetary sanctions.

22

23

24

25

26

27

28

1                                        ORDER

2

3    IT IS SO ORDERED.

4
        Dated:   **March 25, 2021**                /s/ Erica P. Grosjean
5                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Eastern District of California on

_____ in the case of *Ruiz v. General Insurance Company of*

*America*.  I agree to comply with and to be bound by all the terms of this Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Eastern District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____